IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HECTOR DE LEON, | § | |
| | § | |
| PLAINTIFF, | § | CIVIL ACTION NO. |
| | § | |
| | § | |
| v. | § | |
| | § | |
| DITECH FINANCIAL LLC, and | § | |
| SUBSTITUTE TRUSTEE | § | |
| T.J. RINEY, | § | |
| | § | |
| DEFENDANTS. | § | |

## DEFENDANT DITECH FINANCIAL LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and Local Rule 81, Defendant Ditech

Financial LLC, ("Ditech") removes this action from the County Court at Law No. 7 of Hidalgo

County, Texas to the United States District Court for the Southern District of Texas, McAllen

Division.

## I.    INTRODUCTION

1. On May 31, 2019, Plaintiff Hector De Leon filed an insufficient and defective pleading

styled Original Petition and Request for Temporary Restraining Order and Temporary Injunction

("Petition"), Cause No. C-19-2993-G in the County Court at Law No. 7 of Hidalgo County,

Texas (the "State Court Action"). As filed, the Petition fails to comply with TEX. R. CIV. P. 47 in

that it fails to specify the minimum and maximum range of monetary relief sought. Further, the

Petition fails to comply with TEX. R. CIV. P. 39 in that Adriana De Leon is a co-obligor in the

loan agreement therefore an indispensable party to this suit.

2.   Pursuant to Local Rule 81, the State Court Docket Sheet is attached hereto as **Exhibit A,** and the List of Attorneys and Parties is attached hereto as **Exhibit B**.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the State Court Action below are attached hereto, marked as composite **Exhibit C** and incorporated herein by reference. The Hidalgo County CAD search results supporting the amount in controversy is attached hereto as **Exhibit D** and incorporated herein by reference.

## II.   TIMELINE FOR NOTICE OF REMOVAL

3.   This Defendant voluntarily made an appearance by the filing of an Original Answer on June 10, 2019. *See* Exhibit C, Defendant's Original Answer.  This removal is filed within 30 days after the receipt by this Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

## III.   DIVERSITY JURISDICTION BASIS FOR REMOVAL

### A. Complete Diversity Among Parties

4.   The State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332 (Diversity of Citizenship).  Plaintiff Hector De Leon is a citizen of the State of Texas, residing at 412 Habanero Dr., Donna, TX 78537, (the "Property"). *See* Exhibit C, Petition §§ 4.

5.   Ditech is a Delaware limited liability company. To properly allege the citizenship of a limited liability company, a party must identify all of the members and their citizenships. *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011). The members of Ditech are Walter Management Holding Company LLC, a Delaware limited liability company with its principal office in Pennsylvania, and Green Tree Servicing Corporation, a Delaware Corporation with its principal office in Pennsylvania. The sole member of Walter Management Holding Company, LLC is Green Tree Credit Solutions, LLC, a

Delaware limited liability company with its principal office located in Pennsylvania. The sole member of Green Tree Credit Solutions, LLC is Ditech Holding Corporation, a Maryland corporation with its principal office located in Pennsylvania. Accordingly, for purposes of diversity jurisdiction, Ditech is a citizen of Delaware, Maryland, and Pennsylvania.

6. Since Plaintiff is a citizen of the State of Texas, and Defendant Ditech Financial LLC is a citizen of the Delaware, Maryland, and Pennsylvania, complete diversity exists between the Plaintiff and Defendant. Therefore, removal is appropriate under 28 U.S.C. §§ 1332 and 1441.

**B. The Amount in Controversy Exceeds $75,000.00.**

7. Despite the defect in Plaintiff's Petition wherein any mention of an amount in controversy or minimum and maximum damage estimates are conspicuously omitted, Plaintiff's Petition seeks to prevent Defendants from exercising the power of sale of the Property, said power being derived from that certain Deed of Trust, filed as Document Number 2013-2436706, in the Official Public Records of Hidalgo County, Texas (the "Lien").

8. Plaintiff Petition also states that in section IV, ¶ 4 on Page 2 of the Petition that the subject of the dispute is a debt instrument "in the original principal amount of One Hundred Seventy-Eight Thousand, One Hundred Seventy-Six and no cents ($178,176.00)," the real property which serves as security for that debt, and additionally, damages for past mental anguish and future mental anguish, past loss of credit and future loss of credit, prejudgment interest and post judgment interest. Although Defendant denies that Plaintiff is entitled to recover any amount or any relief in the various forms sought, Plaintiff's claims are asserted in the Petition based on alleged events related to the Property. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Nationstar* Mortgage LLC v. Knox, 351 Fed. Appx. 844, 848 (5th Cir.

2009) (per curiam), quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961); *Lemessa v. Wells Fargo Bank, N.A.,* No. G-10-0478, 2010 WL 5125956 (S.D. Tex., Dec 9, 2010); *Hanna v. RFC Deutsch Bank Nat'l Trust Co.,* No. 3:11-CV-00346-l, 2011 WL 2981855, at *3 (N.D. Tex. July 22, 2011) (in action where plaintiffs seek an order setting aside the foreclosure sale, value of the property is to be used in determining the amount in controversy). Here, one object of the litigation is the Property, as Plaintiff seeks relief in the form of an injunction enjoining Defendant from proceeding with any foreclosure or eviction action. *See* Exhibit C, Petition pgs. 5, 6.

9. In this instance, the value of the property amounts to $69,670.00, according to the Hidalgo County Appraisal District's 2018 appraisal for the Property. *See* Hidalgo County Appraisal District eSearch, attached hereto as Exhibit D.

10. It is appropriate for the Court to take judicial notice of the Hidalgo County Tax Appraisal because it is of public record, the information it provides is readily ascertainable, and the source – the Hidalgo County Tax Appraisal District – cannot reasonably be questioned. *See Funk v. Stryker,* 631 F.3d 777, 783 (5th Cir. 2011).

11. In addition to Plaintiff's pleas that this dispute involves a $178,176.00 debt instrument and a $69,670.00 valued piece of real property, Plaintiff seeks additional and other damages for mental anguish in the past; damages for mental anguish in the future; damages for loss of credit in the past; damages for loss of credit in the future; awards of reasonable attorney's fees in the trial court and additional awards contingent on appeal; prejudgment interest and post judgment interest at the maximum rates allowed by law; additional non-monetary relief; and all other and further relief, either at law or in equity, to which plaintiff shows himself justly entitled. As such, it is apparent from the face of the petition that Plaintiff's claims exceed $75,000.00, such that

diversity jurisdiction exists in this case. *Valdez v. State Farm Lloyds*, 2015 US Dist. LEXIS 189334 (S.D. Tex., 2015).

## IV.    FEDERAL QUESTION JURISDICTION

12. This Court possess federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint raises issues and claims under the laws of the United States. Specifically, the Plaintiff alleges claims arising under rules of the Consumer Financial Protection Bureau. See Exhibit C, p. 4, Section VI.   The subject Loss Mitigation provision is located at 12 CFR 1024.41(f)(1)(i).  A borrower's right to enforce the provisions of 12 CFR 1024.41 pursuant to section 6(f) of RESPA, 12 U.S.C. 2605(f).  Thus, Plaintiff has brought claims, and is seeking relief, for alleged violations of federal law.

13. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §§ 1367(a), 1441(a).  Any civil action of which the Courts have original jurisdiction based on a federal question, may add state law claims if said claims arise out of the same "case or controversy" as those claims governed by laws of the United States, alloing them to be removed as supplementary claims. *Davet v. City of Cleveland,* 456 F.3D 549, 553 (6th Cir. 2006).  Here, the Plaintiff's one state law claim, for wrongful foreclosure, arises out of the same set of facts as his federal claims, which all concern the alleged wrongfulness of a planned foreclosure sale.  Accordingly, this Court can properly exercise supplemental jurisdiction over the state law claim in this action.

## V.    VENUE

14.  This action is properly removed to this Court because the State Court Action is pending within the district and division.  28 U.S.C. §§ 1441, 1446(a); 28 U.S.C. §124(b)(2).

## VI.    ADDITIONAL REQUIREMENTS

15.  Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Hidalgo County Court at Law.

16. Defendant T.J. Riney consents and joins in the removal.

WHEREFORE, having satisfied the requirements for removal under 28 U.S.C. §§ 1332 and 1441, Defendant hereby gives notice that the State Court Action has been removed to this Court.

Respectfully submitted,

Bruce K. Packard
State Bar No. 15402300
**SDTX Fed Id No. 7989**
bpackard@rineypackard.com
Hayden Hooper
SDTX Fed ID No. 2820648
State Bar No. 24066517
hhooper@rineypackard.com
**RINEY PACKARD, PLLC**
Two Lincoln Centre
5420 LBJ Freeway, Suite 220
Dallas, Texas 75240
214-461-1200-- Telephone
214-461-1210-- Facsimile
**ATTORNEYS FOR DEFENDANT**
**DITECH FINANCIAL LLC**

## CERTIFICATE AND NOTICE OF FILING

I certify that on June 10, 2019 this Notice of Removal was sent to Laura Hinojosa, the Hidalgo County District Clerk, Hidalgo County, Texas, and that written notice of filing of the Notice of Removal was served via Certified Mail, Return Receipt Requested on the Plaintiffs by and through their attorney of record.

*Bruce K Packard*

## CERTIFICATE OF SERVICE

This is to certify that on this the 10 day of June 2019, a true and correct copy of the Notice of Removal was filed with the Court via CM/ECF and further served on pro-se Plaintiff as follows:

**_VIA FACSIMILE TO 956-428-1601_**
Juan Angel Guerra
Law Office of Juan Angel Guerra
1409 N. Stuart Place Road, Suite A
Harlingen, Texas 78552
*Attorney for Plaintiff*

*Bruce Packard*

**DEFENDANT'S NOTICE OF REMOVAL**                                        **Page 7 of 6**